UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Eric Kasemodel, | |
|           Plaintiff, | Civil Action No.: 2:15-cv-01181 |
| v. | |
| Kohl's Department Stores, Inc.; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|           Defendants. | |

For this Complaint, the Plaintiff, Eric Kasemodel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Eric Kasemodel ("Plaintiff"), is an adult individual residing in Metuon, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Kohl's Department Stores, Inc. ("Kohl's"), is a Wisconsin business entity with an address of N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Kohl's and whose

identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Kohl's at all times acted by and through one or more of the Agents.

## FACTS

7. In or around June 2015, Kohl's began calling Plaintiff's cellular telephone, number 734-xxx-3768.

8. Kohl's called Plaintiff from telephone number 262-704-9930.

9. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call would disconnect.

10. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

11. Plaintiff does not know how Kohl's acquired his cellular phone number. Plaintiff did not provide it to Kohl's.

12. Plaintiff did not provide prior express consent to Kohl's to place calls to his cellular phone number.

13. Plaintiff returned the call to Kohl's in an effort to get the calls to stop, however Plaintiff was not able to get through to a live representative.

14. In or around early July 2015, Plaintiff called Kohl's and left a voice message requesting that they stop calling him at his cellular telephone number.

15. Nevertheless, Kohl's continued to call Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Defendants' telephone systems have all the earmarks of a Predictive Dialer.

20. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would disconnect the call.

21. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

23. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

3

24. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

26. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 4, 2015

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq. #15052-49
LEMBERG LAW, L.L.C.

4

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff